United States Court of Appeals,

Fifth Circuit.

No. 94-10113.

Theodore S. PAPAILA, Plaintiff-Appellant,

v.

UNIDEN AMERICA CORP., Defendant-Appellee.

April 28, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DUHÉ and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Theodore Papaila sued Uniden America Corp. (UAC) alleging employment grievances including discrimination based on race and national origin. On UAC's motion for summary judgment, the district court held that the race and national origin discrimination claims were precluded by the United States-Japan Treaty of Friendship, Commerce and Navigation, Apr. 2, 1953, U.S.-Japan, art. VIII(1), 4 U.S.T. 2063, 2070. Plaintiff voluntarily dismissed his other claims and appeals the summary judgment. We affirm.

I. Background

UAC is an Indiana Corporation and a wholly owned subsidiary of Uniden Corporation, a Japanese entity based in Tokyo. Plaintiff, a caucasian of American national origin, alleges that Japanese citizens who are employees of UAC receive favorable treatment: they receive higher base salaries, fringe benefits (e.g., housing and tuition allowances), and job protection (transfer rather than

discharge in case of poor job performance) that Plaintiff did not receive.  Plaintiff was demoted then terminated by UAC.

The summary judgment evidence established that, of UAC's approximate 400 employees, only sixteen are Japanese citizens who were treated differently than other employees.  Each of those sixteen employees, called by the parties "expatriates," was sent on a temporary work assignment by the Japanese parent to protect its interests in the subsidiary.  The remainder of UAC's employees, including six of Japanese race and national origin (but not citizenship), were directly controlled by UAC and did not receive the same preferential treatment as the expatriates.

## II. Treaty Provision

Under the Treaty a Japanese corporation may incorporate a subsidiary under the laws of the United States.  Treaty, art. VII, 4 U.S.T. at 2068.  Once it does so, the subsidiary is an American corporation, subject to American laws, including Title VII. Article VIII(1) of the Treaty provides, "[C]ompanies of either Party shall be permitted to engage, within the territories of the other Party, accountants and other technical experts, executive personnel, attorneys, agents and other specialists of their choice."  4 U.S.T. at 2070.  The Treaty allows a foreign corporation such as Uniden Japan to discriminate in favor of citizens from its own country in filling the specified high-level positions within the United States. *See Wickes v. Olympic Airways*, 745 F.2d 363, 367 (6th Cir.1984) (interpreting similar provision in United States-Greek Treaty of Friendship, Commerce & Navigation);

2

*see also MacNamara v. Korean Air Lines,* 863 F.2d 1135, 1145 (3rd Cir.1988) ("[T]he provision was necessary for the limited purpose of securing to foreign investors the freedom to place their own citizens in key management positions.") (interpreting similar provision in United States-Korean Treaty), *cert. denied,* 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989).

Thus, Article VIII to a limited extent permits Japanese companies to discriminate in favor of their fellow citizens because of their citizenship.

### III. Standing to Assert Rights of Parent

As a domestic corporation, UAC has no rights under Article VIII(1), because Article VIII(1) applies only to "companies of [Japan]." *Sumitomo Shoji Am., Inc. v. Avagliano,* 457 U.S. 176, 189, 102 S.Ct. 2374, 2381, 72 L.Ed.2d 765 (1982) (holding that American subsidiary of a Japanese parent had no Treaty defense because the subsidiary was not a "company of Japan"). *Sumitomo* limited its ruling to the subsidiary's assertion of rights on its own behalf and "express[ed] no view as to whether [the subsidiary] may assert any Article VIII(1) rights of its parent." *Id.* at 189 n. 19, 102 S.Ct. at 2382 n. 19. UAC contends that it has standing to assert the Treaty defense of its parent.

We agree, following the lead of our sister circuit that has held that a subsidiary may assert the Treaty rights of the parent, "at least to the extent necessary to prevent the treaty from being set at naught." *Fortino v. Quasar Co.,* 950 F.2d 389, 393 (7th Cir.1991). As in *Fortino,* Uniden Japan rather than UAC made all

3

the allegedly discriminatory decisions in the employment relationship with the expatriates.[1]  The rationale of *Fortino* applies to this case:

> A judgment that forbids [UAC] to give preferential treatment to the expatriate executives that its parent sends would have the same effect on the parent as it would have if it ran directly against the parent:  it would prevent [Uniden Japan] from sending its own executives to manage [UAC] in preference to employing American citizens in these posts.

*Fortino,* 950 F.2d at 393.

Since UAC did not itself cause any of the discriminatory conduct, we hold that UAC may invoke its parent's Treaty rights, at least with respect to those employment decisions dictated by the parent.  *Cf. id.* (distinguishing *Sumitomo* for the very reason that "there was no contention [in *Sumitomo* ] that the parent had dictated the subsidiary's discriminatory conduct").[2]

---

[1]The expatriates were hired in Japan by the parent and were assigned by the parent to UAC.  They all hold managerial positions, and their mission is to manage Uniden Japan's shareholder interests.  They are subject to transfer at the request of Uniden Japan.  Their salaries are set in Japan and Uniden Japan directs that UAC maintain a separate UAC payroll account for the expatriates;  the parent sets their salaries, wages, benefits, hours and evaluates their job performance.  2 R. 298-302.

[2]Additionally, we note that all of the alleged favoritism was based on citizenship.  *Fortino* recognized a difference between distinctions based on citizenship, which are permitted by the Treaty, and distinctions based on national origin, which Title VII prohibits.  *Fortino,* 950 F.2d at 391-92.  Like the subsidiary in *Fortino,* UAC employees of Japanese race and national origin who were not Japanese citizens were *not* shown favoritism.  *Id.* at 393.  Arguably, Title VII is not implicated. *See* 42 U.S.C.A. § 2000e-2(a)(1) (West 1994) (prohibiting employment discrimination based on race or national origin);  *see also Fortino,* 950 F.2d at 393 (noting that favoring Japanese-American employees would have been "true national-origin discrimination since they are not citizens of Japan").

4

## IV. Conclusion

The domestic subsidiary may assert the Article VIII(1) Treaty rights on behalf of its Japanese parent corporation. This Treaty right includes the right to favor Japanese citizens in placing executives to manage its shareholder interest. Plaintiff fails to demonstrate a genuine issue of material fact that would preclude a summary judgment in favor of UAC on Plaintiff's claims of Title VII discrimination. Plaintiff's request that this Court render a judgment for him is denied.

AFFIRMED.